# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br><br>    Defendant. | Case No. 1:22-cv-00364<br><br>Honorable Thomas M. Durkin<br><br>Honorable Maria Valdez<br>Magistrate Judge |

## MOTION TO REMAND TO STATE COURT

**NOW COMES** ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated (the "Plaintiff"), through undersigned counsel, respectfully moves under 28 U.S.C. § 1447(c) to enter an order remanding this action to state court. In support thereof, Plaintiff states as follows:

## PROCEDURAL BACKGROUND

1. On April 12, 2022, Plaintiff, individually and on behalf of all others similarly situated, initiated this putative class action in state court, alleging that Defendant, CENLAR FSB (the "Defendant") violated the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692 *et seq*. *See* Exhibit A.

2. On May 2, 2022, Defendant, through its attorney, sent a letter, in accordance with Fed. R. Civ. P. 11 and Ill. Sup. Ct. R. 137, requesting Plaintiff withdraw his Complaint. *See* Exhibit B.

3. Invoking Rule 11 at its outset, the letter at issue—sent by email—does not actually enclose or serve a motion for sanctions as the Rule 11 safe harbor requires. *See* Fed. R. Civ. P. 11(c)(2).

4. Instead, the letter plainly asserts "***Plaintiff Lacks Art. III Standing***."

5. Nonetheless, on May 13, 2022, Defendant removed to this Court under 28 U.S.C. § 1441. *See* <u>Exhibit C</u>.

6. Plaintiff now moves to remand the case back to state court and for payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

## LEGAL STANDARD

7. Federal courts, as "courts of limited jurisdiction," "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

8. State courts, as courts of general jurisdiction, are not so limited and, except where a federal statute confers exclusive jurisdiction in federal courts, state courts have concurrent jurisdiction to adjudicate claims arising under federal law. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (citing *Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S. Ct. 792, 107 L. Ed. 2d 887 (1990).

9. The constraints of Article III do not apply to state courts, and accordingly, the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or … a federal statute." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989).

10. In other words, unless a federal statute expressly or impliedly provides otherwise, a plaintiff may bring federal claims in either state or federal court.

11. A defendant may remove a state court civil to federal court under 28 U.S.C. § 1441(a), as long as the district court would have original subject matter jurisdiction over the action.

12. On removal, the defendant bears the burden of establishing federal jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.")

13. Furthermore, doubts regarding the propriety of removal should be "resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

14. At the pleading stage, the plaintiff need not prove it has standing, but it must allege facts sufficient to plausibly allege standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *Collier*, 889 F.3d at 896-97 (analyzing Article III standing on removal by reference only to the plaintiff's state court allegations.).

15. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

**ARGUMENT**

**I.** *Plaintiff does not allege concrete injury sufficient to confer Article III standing.*

16. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018).

17. To establish standing, three criteria must be satisfied: the litigant must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).

18. Considering the allegations in the complaint, the Court does not have subject matter jurisdiction in this case because Plaintiff lacks Article III standing.

19. Plaintiff does not allege an injury in fact sufficient to confer Article III standing.

20. To establish injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

21. "A concrete injury is a real injury—that is, one that actually exists, though intangible harms as well as tangible harms may qualify." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020)

22. The Seventh Circuit has recently had occasion to extensively discuss the issue of standing in FDCPA cases. See, *e.g., Casillas v. Madison Ave. Assocs., Inc*., 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc*., 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc*., 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Servs., Inc*., 983 F.3d 282 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Pennell v. Global Trust Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc*., 997 F.3d 778 (7th Cir. 2021); *Wadsworth v. Kross, Lieberman & Stone, Inc*., 12 F.4th 665 (7th Cir. 2021).

23. Those opinions require remand of this case.

24. The Seventh Circuit has held that "the violation of an FDCPA provision, whether 'procedural' or 'substantive,' does not necessarily cause an injury in fact.

25. Rather, to fulfill the injury in fact requirement, the violation must have 'harmed or presented an "appreciable risk of harm" to the underlying concrete interest that Congress sought to protect.'" *See Markakos*, 997 F.3d at 780

26. The complaint does not contain any allegations that the mortgage statement "detrimentally affected" the handling of Plaintiff's debt. *See Spuhler*, 983 F.3d at 286.

27. Plaintiff does not allege that the mortgage statement led him to change his course of action. *See Pennell*, 990 F.3d at 1045.

28. Nor did Plaintiff allege that he would have paid the debt absent this deception or that he attempted to make a payment toward the debt or handled his debt differently.

29. In short, as the party removing this case, Defendant had the burden of establishing Article III standing.

30. Plaintiff reasonably and rightfully asserts that he lacks standing, a position supported by Seventh Circuit and Supreme Court precedent.

31. Defendant can not meet its burden of showing that standing exists.

## II. *The Court should exercise its discretion to order that the cost of removal be shifted under 28 U.S.C. § 1447(c) to Defendant.*

32. Section 1447(c) provides a fee-shifting mechanism when plaintiffs successful move to remand a civil action back to state court.

33. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

34. In *Martin v. Franklin Capital Corp.*, the Supreme Court explained that the determination of whether fees are appropriate under § 1447(c) should turn on the reasonableness of the removal. 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

35. Here, Defendant removed the action to federal court and bestowed on itself the burden of establishing this Court's jurisdiction.

36. Two glaring problems exist with this bad faith tactic.

37. First, Defendant knows that Plaintiff lacks Article III standing.

38. It admits as much in its May 2, 2022 letter to Plaintiff's counsel.

39. Given that Defendant knew Plaintiff lacks standing, removal to this Court was not objectively reasonable.

40. Second, the practice of removing an action to federal court despite knowing that Plaintiff lacks Article III standing violates the fundamental tenent of Fed. R. Civ. P. 1.

41. Defendant tries to have it both ways.

42. It tries to overcome Plaintiff's choice of forum by removing to this Court, despite challenging the jurisdiction is has the burden of establishing.

43. Defendant's removal is not objectively reasonable; it serves absolutely no purpose but to delay litigation, unnecessarily increase the cost of litigation, and consume judicial resources that could be spent on the resolution of other matters before the Court.

44. For those reasons, the Court should exercise its discretion to order that the cost of removal be shifted under 28 U.S.C. § 1447(c) to Defendant.

**WHEREFORE**, Plaintiff, ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated, pray that this Court enter an Order:

A.  remanding the case forthwith to the Circuit Court of Cook County;

B. awarding payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal; and

C. granting such other relief as this Court deems just and proper.

DATED: May 16, 2022

Respectfully submitted,

**ANTONIO D. CAMPOS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Punit K. Marwaha
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, Illinois 60606
+1 312-759-5949
punit.marwaha@troutman.com

*/s/ Joseph S. Davidson*
