**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| CENLAR FSB, | |
| Defendant. | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. § 1331, 1441, and 1446, Defendant Cenlar FSB ("Cenlar"), by counsel, hereby removes this action from the Circuit Court for Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction over the action. *See* 28 U.S.C. § 1332. Removal is proper because this action contains an issue of federal question as Plaintiff Antonio D. Campos ("Campos" or "Plaintiff") alleges a violation of the Fair Debt Collection Practices. See 28 U.S.C. § 1331. In support thereof, Defendant states as follows:

I. **<u>Background</u>**

1.    This action was commenced on April 11, 2022, in the Circuit Court of Cook County, Illinois, styled *Antonio D. Campos, individually, and on behalf of all other similarly situated v. Cenlar FSB,* Case No. 2022-CH-03306 (the "State Court Action").

2.    A copy of the State Court Action Complaint (the "Complaint") is attached hereto as **<u>Exhibit A</u>**.

3.    Defendant was served through its registered agent on April 13, 2020, therefore this action is timely removed pursuant to 28 U.S.C. § 1446(b)(1).

4.      The State Court Action concerns the Cenlar's servicing and subsequent foreclosure of Plaintiff's mortgage loan (the "Loan"), repayment of which is secured by a mortgage on a property owned by Plaintiffs known as 154 Hazelnut Drive, Streamwood, Illinois 60107 (the "Property") (Compl., ¶¶ 16.)

5.      The State Court Action alleges a violation of the Fair Debts Collections Practices Act, 15 U.S.C. § 1692 *et seq*. in Count I. The Complaint thus presents a federal question pursuant to 28 U.S.C. § 1331 for purposes of removal. (Compl., *passim*.)

6.      As relief, Plaintiffs seek actual damages, punitive/additional damages, costs of suit and attorneys' fees in an unspecified amount. (Compl., *prayer for relief*.)

## II.     Grounds for Removal

### A.      Complete Diversity Exists Between Plaintiffs and LoanCare.

7.      Upon information and belief, Plaintiff is a citizen of the State of Illinois. (Compl. ¶ 8)

8.      Cenlar is a federal savings bank organized and existing under the laws of New Jersey.  "For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all of its members."  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

9.      Cenlar is a New Jersey corporation with its principal place of business in New Jersey.  Accordingly, Cenlar is a citizen of New Jersey for purposes of determining diversity of citizenship jurisdiction.

10.     Accordingly, there is complete diversity between Plaintiff and Cenlar.

### B.      The Amount in Controversy Exceeds $75,000.00.

11.     Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

12.     The party removing the case to federal court has the initial burden of establishing that the jurisdictional amount has been satisfied by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

13.     Where the amount of damages are unspecified in the complaint, a good faith estimate of the stakes by the defendant will be accepted if it is plausible and supported by a preponderance of the evidence. *Id.* Once the defendant has established the amount in controversy, the plaintiff can defeat jurisdiction only "if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

14.     When evaluating whether a suit exceeds the amount-in-controversy threshold, courts consider all damages available to a plaintiff as of the date the suit is filed or removed to federal court, including compensatory damages, punitive damages and attorneys' fees. *Id.* at 510.

15.     If punitive damages are available to a plaintiff, "subject matter jurisdiction exists unless it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).

16.     Here, Plaintiff seeks actual damages in an unspecified amount, punitive damages in the amount not to exceed $1,000.00, and attorneys' fees and costs, and an award for putative class members not to exceed $500,000.00. *See* Compl. *Prayer for relief.*

17.     Although LoanCare disputes that Plaintiff is entitled to any such amount and deny all liability for Plaintiff's claims, the amount in controversy requirement is satisfied by the face of the Complaint.

18.     In addition to the forgoing, Plaintiffs seek other damages including for attorneys' fees and costs. *See* Compl. , *prayer for relief.*

19.     Punitive damages may also be included in calculation of the amount in controversy because punitive damages are available under the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

20.     In sum, complete diversity exists and the amount in controversy requirement is satisfied by the face of the Plaintiffs' Complaint.  Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

     **C.**    **This Matter Presents A Federal Question**

21.     Removal is proper if a plaintiff's claim arises under federal law. *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033 (7th Cir. 2014). (*See Also* 28 U.S.C. § 1331, 28 U.S.C. § 1441(c)(1)(A)).

22.     Removal is proper in the instant matter as the FDCPA presents a federal question, and this Court has subject matter jurisdiction over the federal question. (*See Soyinka v. Franklin Collection Serv.*, 472 F.Supp.2d 463, 464 (N.D. Ill. 2020)).

23.     Count I of Plaintiff's Complaint alleges a violation of the FDCPA, a federal statute. The requirements of 28 U.S.C § 1331 and 28 U.S.C. 1441(c)(1)(A) are thus met. Accordingly, this Court has subject matter jurisdiction over the instant matter, and removal is proper.

     **III.**    **VENUE**

25.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this district and division embrace the Circuit Court for Cook County, Illinois, the forum in which the removed action was pending.

     **IV.**    **NOTICE**

26.     Pursuant to 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal in the Circuit Court of Cook County,

Illinois, and will attach a copy of this Notice of Removal thereto. All other documents filed in the State Court Action are attached hereto as **<u>Exhibit B</u>**. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **<u>Exhibit C</u>**.

27. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

28. If any questions arise as to the proprietary of the removal of this action, LoanCare requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, for the reasons stated above, Defendant Cenlar FSB, requests that the above-referenced case be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: May 13, 2022        Respectfully Submitted,

CENLAR FSP

By: /s/ Punit K. Marwaha
      Punit K. Marwaha

Punit K. Marwaha
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com

*Counsel for Defendant Cenlar FSB*

**12-Person Jury**

FILED
4/11/2022 6:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03306
Calendar, 7
17455748

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION**

ANTONIO D. CAMPOS, individually,
and on behalf of all others similarly
situated,

      Plaintiff,

      v.

CENLAR FSB,

      Defendant.

Case No. **2022CH03306**

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ANTONIO D. CAMPOS, individually, and on behalf of all

others similarly situated, through undersigned counsel, complaining of Defendant, CENLAR FSB,

as follows:

## NATURE OF THE ACTION

1.      This action is seeking redress for violation(s) of the Fair Debt Collection Practices

Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt

collection practices, to ensure that debt collectors who abstain from such practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers. 15

U.S.C. § 1692(e).

3.      The Act regulates interactions between consumer debtors and "debt collector[s],"

defined to include any person who "regularly collects … debts owed or due or asserted to be owed

or due another." §§ 1692a(5), (6).

4.      Among other things, the Act prohibits debt collectors from making false

representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating

1

FILED DATE: 4/11/2022 6:14 PM    2022CH03306

with consumers at an "unusual time or place" likely to be inconvenient to the consumer, §
1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1),
(2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131
L. ed. 2d 395 (1995).

5.    The Act is enforced through administrative actions and private lawsuits. *Jerman v.
Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6.    This Court has personal jurisdiction pursuant to 735 ILCS 5/2-209.

7.    Venue is proper pursuant to 735 ILCS 5/2-101.

## PARTIES

8.    ANTONIO D. CAMPOS ("Plaintiff") is a natural person, over 18-years-of-age,
who at all times relevant resided at 154 Hazelnut Drive, Streamwood, Illinois 60107.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.   CENLAR FSB ("CENLAR") is a federal savings bank.

11.   CENLAR services portfolios representing billions of dollars in residential
mortgages for clients across the United States.

12.   Currently, CELNAR is the largest mortgage loan subservicing company in the
country.

13.   CENLAR has its principal place of business at 425 Phillips Boulevard, Ewing, New
Jersey 08618.

13.   CENLAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

2

FILED DATE: 4/11/2022 6:14 PM    2022CH03306

14.     CENLAR uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15.     On October 30, 2006, Plaintiff executed a mortgage in favor of Argent Mortgage Company, LLC (the "Mortgage").

16.     The Mortgage secured the purchase of Plaintiff's personal residence located at 154 Hazelnut Drive, Streamwood, Illinois 60107 (the "Property").

17.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $164,000.00` (the "Loan").

18.     The Note provides that "I will make my monthly payments on the first day of each month...."

19.     Argent Mortgage Company, LLC assigned the Mortgage to U.S. Bank National Association as Trustee, in Trust for the Registered Certificate Holders of Citigroup Mortgage Loan Trust 2007-AMC2, Asset-Backed Pass Through Certificates Series 2007-AMC2 by instrument dated March 27, 2008 and recorded May 23, 2008 as Document No. 0814411081 in the records of the Recorder's Office of Cook County, Illinois.

20.     U.S. Bank National Association as Trustee, in Trust for the Registered Certificate Holders of Citigroup Mortgage Loan Trust 2007-AMC2, Asset-Backed Pass Through Certificates Series 2007-AMC2 assigned the Mortgage to Argent Mortgage Company, LLC by instrument dated January 2, 2014 and recorded January 23, 2014 as Document No. 1402317036 in the records of the Recorder's Office of Cook County, Illinois.

3

21. Citi Residential Lending, Inc. as Attorney-in-Fact for Argent Mortgage Company, LLC assigned the Mortgage to Mortgage Electronic Registration Systems, Inc, as nominee for CitiMortgage, Inc. by instrument dated March 9, 2009 and recorded March 25, 2009 as Document No. 0908445012 in the records of the Recorder's Office of Cook County, Illinois.

22. Mortgage Electronic Registration Systems, Inc., acting solely as nominee for CitiMortgage, Inc. assigned the Mortgage to CitiMortgage, Inc. by instrument dated April 4, 2012 and recorded April 13, 2012 as Document No. 1210439062 in the records of the Recorder's Office of Cook County, Illinois.

23. CitiMortgage, Inc. assigned the Mortgage to Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC2, U.S. Bank National Association, as Trustee (hereinafter "Plaintiff") by instrument dated August 24, 2016 and recorded September 1, 2016 as Document No. 1624518003 in the records of the Recorder's Office of Cook County, Illinois.

24. On April 1, 2019, Plaintiff defaulted on the Note by failing to make monthly payments.

25. On September 27, 2019, Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC2, U.S. Bank National Association, as Trustee filed a "Complaint to Foreclose Mortgage" against Plaintiff, Southgate Manor Townhome Association, United States of America Department of the Treasury—Internal Revenue Service, Illinois Housing Development Authority, State of Illinois—Department of Revenue and Portfolio Recovery Associates LLC, pursuant to section 15-1101 of the Code of Civil Procedure (hereinafter "Code") with respect to the Property.

FILED DATE: 4/11/2022 6:14 PM   2022CH03306

4

FILED DATE: 4/11/2022 6:14 PM    2022CH03306

26.     Sometime thereafter, the servicing of the Loan was assigned, sold, or transferred

from CitiMortgage, Inc. to CENLAR.

27.     On January 27, 2020, an order of default and judgment of foreclosure was entered.

28.     CENLAR mailed a "Loan Statement," dated October 1, 2021, which stated:

| Account Information | |
|---|---|
| Property Address | 154 HAZELNUT DR STREAMWOOD, IL 60107 |
| Outstanding Principal | $152,227.93 |
| Escrow Balance | -$9,020.01 |
| Maturity Date | March 2057 |
| **Interest Rate** | **3.0000%** |
| Prepayment Penalty | NONE |
| Deferred Balance | $17,609.74 |

(Emphasis added). *See* Exhibit 1.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as

though fully set forth herein.

30.     In *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053, 391 Ill.

Dec. 341, 30 N.E.3d 611, the appellate court held that the legislature's use of the word "judgment"

in the Foreclosure Law (735 ILCS 5/15-1504(e)) "clearly refers to  the foreclosure judgment \*\*\*

not the order confirming sale." *Popa*, 2015 IL App (1st) 142053, ¶ 35.

31.     The court also recognized that the longstanding "merger doctrine" entirely merges

a contract (like a mortgage or note) into a court's judgment based on the contract, and the contract

loses its binding effect after the court issues the judgment. *Id*. ¶ 36 (citing *Poilevey v. Spivack*,

368 Ill. App. 3d 412, 414, 857 N.E.2d 834, 306 Ill. Dec. 435 (2006)).

FILED DATE: 4/11/2022 6:14 PM   2022CH03306

32.     Based on its analysis of the Foreclosure Law and the merger doctrine, the court held that foreclosure judgments trigger the statutory postjudgment interest rate.

33.     Section 15-1220 of the Illinois Mortgage Foreclosure Law defines the "statutory interest rate" as "the rate of interest on judgments specified in Section 2-1203 of the Code." 735 ILCS 5/15-1220.

34.     Section 2-1303 of the Code provides that "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of judgment until satisfied." 735 ILCS 5/2-1303.

### Violation of 15 U.S.C. § 1692e

35.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
>     (2)     The false representation of—
>
>         (A)     the character, amount, or legal status of any debt.
>
>     (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36.     CENLAR violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by misrepresenting the applicable interest rate, 3.0000%, when, under Illinois law, the interest rate should have been 9.0000%.

37.     As result thereof, the amount due ($34,984.95) was incorrect—albeit too low.

### Violation of 15 U.S.C. § 1692f

38.     Section 1692f provides:

6

FILED DATE: 4/11/2022 6:14 PM   2022CH03306

> A debt collector may not use unfair or unconscionable means to collect or
> attempt to collect any debt. Without limiting the general application of the
> foregoing, the following conduct is a violation of this section:
>
> > (1)  The collection of any amount (including any interest, fee,
> > charge, or expense incidental to the principal obligation)
> > unless such amount is expressly authorized by the agreement
> > creating the debt or permitted by law.

39.  CENLAR violated 15 U.S.C. § 1692f(1) by applying a fixed interest rate of

3.0000%, as opposed to the different (albeit higher), post-judgment interest rate of 9.0000%.

40.  The 3.0000% interest rate applied to the Loan directly conflicts with section 2-

1303; therefore, is not permitted by law.

41.  Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and f pursuant to section

k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to

any person is liable to such person in an amount equal to the sum of—

> (1)  any actual damage sustained by such person as a result of such
> failure;
>
> (2)
>
> > (A)  in the case of any action by an individual, such additional
> > damages as the court may allow, but not exceeding $1,000;
> > or
> >
> > (B)  in the case of a class action, (i) such amount for each named
> > plaintiff as could be recovered under subparagraph (A), and
> > (ii) such amount as the court may allow for all other class
> > members, without regard to a minimum individual recovery,
> > not to exceed the lesser of $500,000 or 1 per centum of the
> > net worth of the debt collector; and
>
> (3)  in the case of any successful action to enforce the foregoing liability,
> the costs of the action, together with a reasonable attorney's fee as
> determined by the court."

FILED DATE: 4/11/2022 6:14 PM   2022CH03306

**WHEREFORE**, Plaintiff, ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated, prays the Court enter an Order:

A.       finding that CENLAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

B.       finding that the Loan is a "debt" as defined by 15 U.S.C. § 1692a(5);

C.       granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of 735 ILCS 5/2-801 *et seq*.;

D.       finding that CENLAR used false, deceptive, or misleading representations or means in connection with the collection of the Loan, violating 15 U.S.C. § 1692e;

E.       finding that CENLAR used unfair or unconscionable means to collect or attempt to collect the Loan, violating 15 U.S.C. § 1692f;

F.       awarding any actual damage sustained by Plaintiff and the Members of the Putative Class as a result of CENLAR's violation(s);

G.       awarding such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000.00;

H.       awarding such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of CENLAR;

I.       awarding costs of this action including expenses together with reasonable attorney's fees as determined by the Court; and

J.       awarding such other relief as the Court deems just and proper.

## CLASS ALLEGATIONS

42.       All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

8

FILED DATE: 4/11/2022 6:14 PM   2022CH03306

43. Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually, and on behalf of all others similarly situated (the "Putative Classes").

44. The Putative Classes are defined as follows:

> *All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) received the same or a substantially similar Mortgage Statement as the Mortgage Statements referenced supra; (c) following entry of judgment of foreclosure; (d) where the mortgage statement falsely represented the applicable interest rate.*

45. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) CENLAR, CENLAR's subsidiaries, parents, successors, predecessors, and any entity in which CENLAR or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against CENLAR have been fully and finally adjudicated and/or released.

## Numerosity

46. Upon information and belief, CENLAR mailed no less than 40 similar mortgage statements to consumers residing in the state of Illinois.

47. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

48. Members of the Putative Class can be objectively identified from records of CENLAR to be gained in discovery.

FILED DATE: 4/11/2022 6:14 PM    2022CH03306

### Commonality and Predominance

49.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### Typicality

50.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

51.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of CENLAR's conduct.

### Superiority and Manageability

52.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

53.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

54.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

55.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### Adequate Representation

56.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

57.     Plaintiff has no interests antagonistic to those of the Putative Class, and CENLAR has no defenses unique to Plaintiff.

FILED DATE: 4/11/2022 6:14 PM   2022CH03306

58.     Plaintiff has retained competent and experienced counsel with substantial experience in mortgage servicing litigation.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 11, 2022                     Respectfully submitted,

**ANTONIO D. CAMPOS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 65455

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

11

FILED DATE: 4/11/2022 6:14 PM  2022CH03306

# EXHIBIT A

FILED DATE: 4/11/2022 6:14 PM    2022CH03306

CENLAR
Ewing, NJ 08628
**STATEMENT ENCLOSED**

| | |
|---|---|
| Statement Date: | 10/01/21 |
| Account Number: | |
| Payment Due Date | 10/01/21 |
| **Amount Due** | **$34,984.95** |

**IMPORTANT MESSAGE:** The Amount Due is the amount to reinstate your loan as of 10/01/21 and must be received in the form of certified funds. If you are making your reinstatement payment after 10/01/21 please contact us to obtain a current reinstatement amount.

+ D562103 000317777 09CLST 0929460 MO 1AF041 -0 P1 CT
ANTONIO D CAMPOS
PO BOX 262
Streamwood IL 60107-0262

### Contact Us

**Customer Service/Pay By Phone:** 855-839-6253

**Website:** https://www.loanadministration.com

*Qualified Written Requests, notifications of error, or requests for information concerning your loan must be directed to PO Box 77423 Ewing NJ 08628

### Explanation of Amount Due

**Loan Set Up on Automatic Payment/ACH***      **NO**

*If your account is set up on Automatic Payment/ACH as indicated above, your account will continue to draft as scheduled

| | |
|---|---|
| Total Fees Charged Since Last Statement | $15.00 |
| Overdue Amount | $34,093.00 |

**Total Amount Due as of 10/01/21**      **$34,984.95**
*This is the amount to reinstate your loan as of 10/01/21 and must be received in the form of certified funds. If you are making your reinstatement payment after 10/01/21, please contact us to obtain a current reinstatement amount.*

**Total Accelerated Amount Due as of 10/01/21**      **$188,949.57**

### Account Information

| Property Address | 154 HAZELNUT DR STREAMWOOD, IL 60107 |
|---|---|
| Outstanding Principal | $152,227.93 |
| Escrow Balance | -$9,020.01 |
| Maturity Date | March 2057 |
| Interest Rate | 3.0000% |
| Prepayment Penalty | NONE |
| Deferred Balance | $17,609.74 |

### Transaction Activity (09/02/2021 to 10/01/2021)

| Date | Effective Date | Description | Charges | Payments |
|---|---|---|---|---|
| 09/13/21 | | COUNTY TAX | | $1,645.13 |
| 09/14/21 | | FEE - PROPERTY INSPECT | $15.00 | |

### Past Payments Breakdown
*Unapplied funds represent funds that are held in suspense pending final application. If this amount represents a partial payment, your payment will be applied upon receipt of the amount required to complete your payment.*

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| *Unapplied Funds | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

### **Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 04/01/2019 you are 914 days delinquent on your mortgage loan.

Effective 09/27/19, a foreclosure action was initiated

If you are Experiencing Financial Difficulty: You may call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287, or go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm for a list of homeowner counselors or counseling organizations in your area

**Recent Account History**
*Payment due 05/01/21: Unpaid balance of $897.57      *Payment due 08/01/21 Unpaid balance of $897.57
*Payment due 06/01/21: Unpaid balance of $897.57      *Payment due 09/01/21 Unpaid balance of $897.57
*Payment due 07/01/21: Unpaid balance of $897.57      *Payment due 10/01/21 Unpaid balance of $897.57
*Current Payment due 11/01/21: $876.95

*Total: $34,984.95 due. You must pay this amount to bring your loan current.

---

**See Reverse Side For Additional Important Information** Please return this portion with your payment

Make Checks Payable To:



MO

Antonio D Campos
Po Box 262
Streamwood IL 60107-0262

Check this box if your address or personal information has been updated on the reverse of this payment coupon.

| | |
|---|---|
| Payment Due Date: | 10/01/21 |

| | |
|---|---|
| Past Due Amount: | $27,775.94 |
| Unpaid Late Charges: | $111.96 |
| Other Fees: | $6,220.10 |
| **AMOUNT DUE:** | **$34,984.95** |

Account Number:      Amount Enclosed   $

Please do not fold, tape or staple check or coupon.
Please use only blue or black ink.

ATTN: FORECLOSURE
425 PHILLIPS BLVD
EWING, NJ 08618-1430

| | |
|---|---|
| Late Charge | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Other Fees | $ |
| Total Amount paid | $ |

*See reverse side for instructions

Please Read Carefully

**Payment Information:**
Payments are due and payable by the Payment Due Date. Payments can be made online through our website (if offered) or you can access our Automated Telephone System by calling the number listed on this statement. If you wish to pay by check, please be sure to:

1. Remove your coupon from the bottom of your loan statement and send it along with your check or money order to the address shown on the coupon.
2. **Do not send cash.** DO NOT include correspondence with your payment.
3. When sending your monthly payment via overnight carrier, express or certified mail, or if sending a principal payment separate from your monthly payment please use the following address: Payment Processing 425 Phillips Blvd, Ewing, NJ 08618. When sending a principal payment only, please remember to indicate "principal only" along with your loan number in the memo section of your check. **PLEASE NOTE:** Additional principal payments can only be made with, or after your current month's payment. NO principal payments can be applied to loans that are not current.
4. **Do not send partial payments.** The disposition of a partial payment received may depend on a number of factors including but not limited to: the amount of the partial payment, whether your loan is delinquent, the investor of your loan, whether your loan contains an escrow feature, the number of times a partial payment was received within a 12 month period, whether your loan is being or has been modified. For any of these reasons, a partial payment may be (1) returned to you, (2) accepted but held in a non-interest bearing unapplied funds account until you send us additional funds sufficient to equal a full periodic payment due.
5. If payment is in excess of the amount due, you must indicate on the coupon how the excess is to be applied. Monies received in excess of the payment due that are not identified for application may be used to make multiple payments, which could make your loan current or 1 month prepaid. Remaining monies may be applied first to pay any other balances due, such as fees and advances, if permitted by applicable law.
6. We reserve the right to redeposit returned checks. Redeposit and returned check fees will be charged unless prohibited by law.

## Important Contact Information

Please include your account number on ALL correspondence. DO NOT SEND correspondence with your payment

| Payments | Tax Bills | Insurance | Collections | All other Correspondence |
|---|---|---|---|---|
| ATTN: FORECLOSURE | Current Tax Bill not | PO Box 202028 | PO Box 77407 | PO Box 77404 |
| 425 PHILLIPS BLVD | needed (please see | Florence, SC 29502-2028 | Ewing, NJ 08628 | Ewing, NJ 08628 |
| EWING, NJ 08618-1430 | below for details) | mycoverageinfo.com | FAX 609-538-4017 | FAX 609-538-4005 |
| | | PIN: CEN300 | | |

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING. THIS LOAN STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT INDEBTEDNESS AS YOUR PERSONAL OBLIGATION.**

If you are Experiencing Financial Difficulty. You may call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287, or go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm for a list of homeowner counselors or counseling organizations in your area.

**Automatic Payment (ACH):**
We offer a free, convenient service that automatically debits your payment each month from your checking or savings account. To take advantage of this service, visit our website (if offered) and complete the Automatic Payment (ACH) Authorization or contact Customer Service directly.

**Payoff Request**
A written request should be submitted in advance for a payoff statement. You may request a payoff statement be faxed to you by calling 1-877-7PAYOFF (1-877-772-9633) (a fee for faxing applies, if permitted by applicable law). Please have available your account number, social security number, the payoff date, and your fax number. No verbal information can be provided.

**Automated Loan Information:**
You can access your loan information 24 hours a day, 7 days a week by calling our Customer Service automated telephone system or by going online at the web address listed on the reverse side of this statement (if offered). Please have your account number and social security number available.

**Servicemembers Civil Relief Act (SCRA):**
Eligible servicemembers and their spouses or civil partners may receive protections under the SCRA. To find out how to determine if you are eligible for protections under SCRA and to receive instructions on how to invoke your rights, please contact us at the number listed.

**Insurance Coverage:**
All loans are required to have adequate property insurance in force at all times, including flood insurance, if the property is situated in a special flood hazard area. Acceptable hazard and extended dwelling Insurance coverage amounts are equal to 100% of the full insured value of the improvements, or equal to the loan balance, if greater than 80% of the replacement costs. Flood insurance must equal the lesser of all loan balances, the full structure replacement cost value or NFIP flood coverage maximum for the property type. There may be, at lender discretion, situations where the flood coverage cannot be lower than 80% of the replacement costs. Please consult your insurance agent to determine the adequacy of your coverages. At time of renewal or if changing insurance companies, please direct any evidence of insurance coverage through one of the following methods: through the website at mycoverageinfo.com using PIN CEN300, by fax: (843) 413-7133 or mail to: PO Box 202028 Florence, SC 29502-2028. Failure to provide evidence of adequate insurance may result in the placement of coverage at your expense.

If your property is damaged by fire, flood or by any other cause, you must notify us immediately and we will instruct you on how to proceed.

**Property Taxes:**
If you received your Real Estate tax bill for an item that is included on your Annual Escrow Statement, please keep it for your records as we receive the tax information directly from your taxing authority. It is not necessary to contact or mail us this information. However, if you receive a delinquent tax bill/notice, please forward bill to us at DelinquentTaxes@loanadministration.com for review and handling.

Supplemental tax bills are generally borrower's responsibility, as the bills are sent directly to the borrowers from your tax office and no information or reporting regarding these bills are provided to us. However, if your closing agent collected funds at the time of settlement of your loan in anticipation of a supplemental tax bill being issued, then please submit to us for review at SupplementalTaxes@loanadministration.com

All Tax Exemption requests must be submitted by YOU directly to your tax office. If approved, please forward the documentation to us at TaxExemptions@loanadministration.com

Any changes made to your tax office to the property covered under this mortgage (i.e. new parcel number, parcel split) must be communicated to us so that our records can be updated. These changes can be submitted via email to customerservice@loanadministration.com

Please print any changes to your name or address below:

Name: _____

Street: _____

City: _____  State: _____  Zip: _____

Home Phone: _____  Business Phone: _____

E-mail Address: _____

Please mark the reason for the change and attach a copy of the recorded document, license, decree, or certificate if applicable

( ) Address Change    ( ) Name Change    ( ) Marriage    ( ) Divorce    ( ) Death

*Thank You*
*For Your Business*
*Throughout The*
*Year!*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

| | |
|---|---|
| ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | **Case No. 2022-CH-03306** |
| CENLAR FSB, | Calendar 7 |
| Defendant. | |

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

TO: See attached service list

**PLEASE TAKE NOTICE** that on the 13th day of May, 2022, the undersigned caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, a ***Notice of Removal***, removing this action to the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which, excluding exhibits, is attached hereto.

Dated: May 13, 2022

Respectfully Submitted,

Cenlar, FSB

By: /s/ Punit K. Marwaha
        Punit K. Marwaha

Punit K. Marwaha,
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com
Firm ID: 64735

*Counsel for Defendant Cenlar FSB*

126039226v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of May, 2022 a true and correct copy of the foregoing

***Notice of Removal*** was sent via first class mail, postage prepaid, to the following counsel of record:

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 S. Roselle Road, Suite 203
Schaumburg, IL 60193
jdavidson@fightbills.com

Arthur C. Czaja
Law Offices of Arthur C. Czaja
7521 North Milwaukee Ave.
Niles, IL 60714
arthur@czajalawoffices.com

*Counsel for Plaintiff*

By: /s/ Punit K. Marwaha
Punit K. Marwaha
Troutman Sanders LLP
227 W. Monroe St., Ste. 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com

*Counsel for Defendant Cenlar FSB*

126039226v1