22-CV-IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO D. CAMPOS, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 1:22-cv-02547 |
| CENLAR FSB, | Hon. Thomas M. Durkin |
| Defendant. | |

## MOTION TO DISMISS

NOW COMES Defendant Cenlar FSB ("Cenlar"), by and through its undersigned counsel, and hereby moves this Court for an order pursuant to Fed. R. Civ. Proc. 12(b)(6) dismissing the Complaint of Plaintiff Antonio D. Campos ("Plaintiff"), and, in so moving, states as follows:

## INTRODUCTION

This Court must dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), as Plaintiff has failed to state claim for relief under the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff admits that he has not suffered an injury in fact in his Motion To Remand to State Court (ECF No. 7, ¶ 19), despite his claims arising under the FDCPA. Because Plaintiff's sole claim arises under the FDCPA, this Court has original jurisdiction over the claim under 28 U.S.C. § 1331. Simply put, Plaintiff cannot bring an action for a violation of the FDCPA without alleging an injury, be it in state or federal court. Plaintiff's failure to meet the basic requirements for standing in either District Court, or even state court, are thus fatal to his claims. Accordingly, this Court must dismiss Plaintiff's Complaint with prejudice as a matter of law.

## BACKGROUND

Plaintiff initially executed a mortgage and note (the "Loan Documents") in favor of Argent Mortgage Company, LLC on October 30, 2006 to secure the repayment of an indebtedness for a property located at 154 Hazelnut Drive, Streamwood, Illinois 60107 (the "Property") (Compl. ¶¶ 15, 16). On April 1, 2019, Plaintiff defaulted on the Loan Documents by failing to maintain his monthly payment obligations (Compl. ¶ 24). On September 27, 2019, the holder of the Loan Documents filed a Complaint to Foreclose Mortgage in a case style as *Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC2 v. Campos*, Case No. 2019-CH-11203 in the Circuit Court of Cook County, Illinois – Chancery Division (the "Foreclosure Action") (Compl. ¶ 25). A Judgment of Foreclosure was entered in the Foreclosure Action on January 27, 2020 (Compl. ¶ 27). Following the lifting of the foreclosure moratorium, a stay of execution prior to a judicial sale being confirmed was entered on March 10, 2022. The stay was entered due to Plaintiff filing a Chapter 13 bankruptcy on January 14, 2022 in a case styled as *In re Antonio D. Campos* and given the case number 22-bk-00429 in the Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Action").

Plaintiff's bankruptcy plan proposes to cure the arrearage on his loan while continuing ongoing payments, was confirmed by the Court on May 10, 2022 (See attached **Exhibit A**). Notably, a claim was filed for Plaintiff's mortgage debt by Cenlar, in which Cenlar states that the interest rate on the loan was at 3.000% at the time the Bankruptcy Action was filed (See attached **Exhibit B**). This 3.00% is consistent with the applicable interest rate of the Note and subsequent Loan Modification attached to the Proof of Claim Plaintiff notably did not object to the claim in order to assert an interest rate of 9%, nor did he propose to cure the arrearage on the loan at 9% interest.

## LEGAL STANDARD

Dismissal of a plaintiff's complaint is appropriate when it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and conclusory statements are not sufficient to satisfy this burden. *Id.*; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft,* 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I.      *Plaintiff Concedes No Injury, And No Standing Under Article III*

As an initial matter, this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. *See Krawczyk v. Centurion Capital Corp.*, 2009 U.S. Dist. 12204, at*44 (N.D. Ill. 2009), *Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 821 (N.D. Ill. 2013). Plaintiff admits that he has not suffered any injury-in-fact sufficient to confer Article III standing for his federal claim. *See* ECF No. 7, ¶ 19. This alone warrants dismissal of Plaintiff's Complaint with prejudice.

To wit, Plaintiff alleges that he received a statement following the judgment of foreclosure in the Foreclosure Action which stated his interest rate was 3.000% instead of the maximum interest on a judgment allowed under Illinois law of 9.000% (Compl. ¶¶ 28, 36). This assertion ignores the plethora of relevant law concerning the bare minimums of jurisdictional requirements

under Article III of the Constitution, as Plaintiff cannot point to any concrete injury-in-fact as a result of any conduct of Cenlar.

Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The Seventh Circuit has established that the "irreducible constitutional minimum" of standing consists of three elements; the Plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v.* Robins, 578 US. 330, 338 (2016). To qualify as "concrete", an injury must be "real" rather than "abstract" – that is, "it must actually exist". *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 461 (7th Cir. 2020) (quoting *Spokeo* at 338-39). A "bare procedural violation" does not qualify, even if it gives rise to a statutory cause of action. *Spokeo* at 341.

Here, there are no set of facts which would qualify as a concrete injury to Plaintiff. Plaintiff executed the Loan Documents, defaulted on the loan, and faced foreclosure (Compl. ¶¶ 15, 24, 25). Once judgment of foreclosure was entered, Plaintiff received a statement which indicated an interest rate on the account of 3.000% (Compl. ¶¶ 27-28). Plaintiff asserts that the interest rate should have been 9% instead of 3%, and his amount due on the judgment should have been *higher* (Compl. ¶ 36).

At most, Plaintiff alleges a bare procedural violation of the FDCPA, as Plaintiff alleges that his interest rate and amount due under the judgment of foreclosure should have been higher than 3%. This is insufficient to qualify as a concrete injury under *Spokeo* ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to

authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo* at 341).

Plaintiff's claims would fare no better in an Illinois state court. Under Illinois law, a plaintiff has standing where there has been some injury in fact to a legally cognizable interest, i.e., the claimed injury, whether actual or threatened must be: (1) distinct and palpable; (2) fairly traceable to the defendant's actions citation; and (3) substantially likely to be prevented or redressed by the grant of the requested relief. *Ill. Rd. & Transp. Builders Ass'n v. Cnty. Of Cook*, 2022 IL 127126, at *P13 (Ill. 2022) (citing *Greer v. Illinois Housing Development Authority*, 122 Ill.2d 462, 492-93 (Ill. 1988). In the instant case, Plaintiff cannot assert a distinct and palpable injury, as Plaintiff claims that he has not suffered any injury (ECF No. 7, ¶ 19). Further, under the Illinois standard, any claimed violation of the FDCPA due to charging Plaintiff a lower interest rate is not substantially likely to be prevented or redressed by the grant of Plaintiff's requested relief of an award of actual damages, additional damages, and costs. In short, under either the federal or Illinois standard, Plaintiff does not have either the requisite injury, nor a claim that is substantially likely to be redressed by Plaintiff's requested relief.

Here, Plaintiff has plainly not suffered any injury in fact, as he has not shown any concrete injury, nor can he. Plaintiff has not, and cannot, allege that Cenlar's failure to charge him the statutory interest rate allowed in Illinois caused any deprivation of choice, or caused any actual, concrete injury to Plaintiff. Accordingly, Plaintiff's claims have no merit, and dismissal under R. 12 is warranted.

## II. *Plaintiff Has Failed To State A Claim Under The FDCPA*

Notwithstanding Plaintiff's lack of concrete injury, Plaintiff has further failed to state a claim under the FDCPA. To wit, Plaintiff alleges that Cenlar violated § 1692f of the FDCPA by

applying an interest rate of 3.000% instead of 9.000% as contemplated by 735 ILCS 5/2-1303, as the 3.000% interest rate is not "permitted by law" (Compl. ¶¶ 39, 40). This, however, is a mischaracterization of Illinois law concerning interest rates applied to judgments of foreclosure.

Illinois Courts have held that a statement in the (foreclosure) complaint that a plaintiff is requesting attorney fees, costs, and expenses, is deemed and construed to include allegations that: plaintiff is entitled to recover all such advances, costs, attorneys' fees, together with interest on all advances at the rate provided in the mortgage, or, *if no rate is provided therein,* at the statutory judgment rate, from the date on which such advances are made. *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053, at *P35, 30 N.E.3d 611, 621 (1st Dist. 2015) (emphasis added). Further, the Illinois statute setting post-judgment interest rates, 735 ILCS 5/2-1303, states "judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." Under 2-1303, the question is whether the foreclosure judgment is a final and appealable judgment. *See CitiMortgage, Inc. v. Sharlow*, 2014 IL App (3d) 130107, at P*18, 4 N.E.3d 580, 587 (Ill. App. Ct. 3d Dist. 2014). The general rule in Illinois is that a foreclosure judgment is not a final and appealable judgment because it does not dispose of all of the issues between the parties and does not terminate the litigation. *In re Marriage of Verdung*, 126 Ill.2d 542, 555-56 (1989). Rather, it is the order confirming or approving the sale that conclusively establishes the purchaser's right to the property and gives final approval to the proposed distribution of the sale proceeds and that constitutes the final and appealable order in a foreclosure case. *Id.*

In the instant case, a judgment of foreclosure was entered against Plaintiff in the Foreclosure Action, but the sale was not approved due to Plaintiff's bankruptcy filing.

Accordingly, there was no final and appealable order in the Foreclosure Action, and thus the 2-1303 post-judgment interest rate would not be triggered.

Because Plaintiff claims a violation of 28 U.S.C. § 1692f due to Cenlar's charging of an interest rate not permitted by law, and Illinois law is clear that the post-judgment rate of 2-1303 is triggered only when a judicial foreclosure sale is approved, this Court must dismiss Plaintiff's Complaint with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Cenlar FSB respectfully requests that this Court enter an order dismissing the Complaint of Plaintiff Antonio D. Campos with prejudice, and for such other relief this Court finds just and equitable.

Dated: May 20, 2022

Respectfully Submitted,

CENLAR FSB

By: /s/ Punit K. Marwaha
      Punit K. Marwaha

Punit K. Marwaha
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com

*Counsel for Defendant Cenlar FSB*