Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Ste. 3900
Chicago, IL 60606

troutman.com



**Punit K. Marwaha**
Punit.marwaha@troutman.com

May 2, 2022

**VIA ELECTRONIC MAIL**

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 South Roselle Road, Suite 203
Schaumburg, IL 60193
JDavidson@fightbills.com

Re: **2022-CH-03306, Campos v. Cenlar FSB**
**Fed. R. Civ. P. 11 – Meet and Confer**

Dear Mr. Davidson:

  We are writing on behalf of our client Cenlar FSB ("Cenlar") regarding the case filed by your client Antonio D. Campos ("Plaintiff"), which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022-CH-03306.

  After review of Plaintiff's Complaint, it is apparent that Plaintiff fails to state a plausible claim for relief. First, jurisdiction over this matter is properly before the Northern District of Illinois pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the FDCPA. Second, Plaintiff lacks standing to bring an action against Cenlar, as Plaintiff has not suffered any concrete injuries as a result of any conduct from Cenlar.

  In short, Plaintiff should voluntarily dismiss his Complaint with prejudice because the allegations are frivolous. Our responsive pleading to the Complaint is due May 4, 2022, so we have limited time to hear from you as to your client's intentions. Our client is entitled to recover its fees and costs under Rule 11 and/or Illinois Supreme Court Rule 137 if your client continues with his prosecution of this case.

  As you know, in the underlying foreclosure action, *Citigroup Mortgage v. Campos, et al.*, 2019-CH-11203, a Judgment of Foreclosure was entered on January 27, 2020, and the sale has not yet been confirmed. Plaintiff also filed for bankruptcy on January 14, 2022 in the Northern District of Illinois, *In re Campos*, 22-bk-00429, in which Plaintiff is proposing to pay back the arrearage on the mortgage through the plan. While Cenlar, as servicer for the loan, is entitled under Illinois law to charge Plaintiff the statutory interest rate as of the date the judgment of foreclosure is entered, it is not required. *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053, at *P35, 30 N.E.3d 611, 621 (1st Dist. 2015) (holding that a statement in the complaint that a plaintiff is requesting attorney fees, costs, and expenses, is deemed and construed to

**Joseph S. Davidson**
May 2, 2022
Page 2



include allegations that: plaintiff is entitled to recover all such advances, costs, attorneys' fees, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.)

      I.     *The Northern District of Illinois Is The Proper Venue To Litigate*

As an initial matter, Plaintiff filed his Complaint in the Circuit Court of Cook County. As the Complaint only alleges a violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., 28 U.S.C. § 1331 dictates that the district courts shall have original jurisdiction over this action. A defendant may remove a case to federal court if the federal district court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441, 28 U.S.C. § 1446, *Quaglia v. NS193, LLC*, 2021 U.S. Dist. LEXIS 254290, at *2 (N.D. Ill. 2021) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

In the instant case, the federal court undoubtedly has jurisdiction over Plaintiff's claims, as Plaintiff's complaint sounds in the FDCPA. Under 28 U.S.C. § 1331, the federal courts have original jurisdiction over this action.

      II.     *Plaintiff Lacks Art. III Standing*

To establish Article III standing, a plaintiff must establish that he has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Rivera v. Google, Inc.*, 366 F.Supp.3d 998, 1003 (N.D. Ill. 2018) (*citing Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)). A bare procedural violation of a statute is *not* automatically enough to satisfy Article III's concreteness requirement. *Spokeo*, at 1549.

The FDCPA requires collectors to inform debtors of the amount owed to protect debtors from collection abuses that impinge their choices about how to respond to their debts and to the collection attempt. *Bazile v. Fin. Sys. Of Green Bay, Inc.*, 983 F.3d 274, 280 (7th Cir. 2020). If the required information is omitted without hindering those choices or some other substantive interest the statute protects, there is no harm done – no concrete injury-in-fact. *Id*.

Here, Plaintiff has no concrete harm as a result of Cenlar's actions. In fact, Plaintiff alleges that he is being charged a *reduced* interest rate than what Illinois' law allows. In short, Plaintiff cannot allege a concrete injury, only that he is being charged a reduced interest rate than what Cenlar *could* collect under Illinois law.

A risk of harm qualifies as a concrete injury only for claims for forward-looking, injunctive relief to prevent the harm from occurring. A plaintiff seeking money damages has standing to sue in federal court only for harms that have in fact materialized. *Pierre v. Midland Credit Mgmt.,* 2022 U.S. App. LEXIS 8770, at *7 (7th Cir. April 1, 2022). Further, Plaintiff is aware that the statutory interest rate is 9% under Illinois law, so he is accordingly not deprived of any information. Accordingly, no harm has materialized for Plaintiff, and, due to Plaintiff's bankruptcy filing, no

Case: 1:22-cv-02547 Document #: 12-1 Filed: 05/23/22 Page 3 of 3 PageID #:216

**Joseph S. Davidson**
May 2, 2022
Page 3



harm *could* materialize for Plaintiff, as the arrearage on the loan is being handled through Plaintiff's bankruptcy. In sum, Plaintiff has not, and cannot, allege that Cenlar's failure to charge him the statutory interest rate allowed in Illinois caused any deprivation of choice on how to handle the debt, or caused any actual damage to Plaintiff.

### Request for Dismissal

For the reasons above, Plaintiff should voluntarily dismiss his Complaint with prejudice because his allegations are without merit. Please let us know your client's intentions by May 3, 2022 so that we may proceed accordingly. Any opportunity for an amicable resolution to this matter will expire after May 2, 2022 when it will be necessary for us to proceed with preparing our motions.

Sincerely,

/s/ Punit K. Marwaha

c:  Jason Manning

125694935